UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESHAWN ROBINSON and DIANDRA DECRESCENZO,

    Plaintiffs,

v.

NATIONAL CREDIT SYSTEMS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC,

    Defendants.

_____/

Case No. 2:17-CV-386-FtM-99CM

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs, DESHAWN ROBINSON and DIANDRA DECRESCENZO, by and through the undersigned counsel, and hereby sue Defendants, NATIONAL CREDIT SYSTEMS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC and TRANSUNION, LLC, for damages and allege in support thereof:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

1

3. Venue is proper in this District because the acts and transactions occurred here and Defendants transact business here.

## PARTIES

4. Plaintiffs, Deshawn Robinson and Diandra Decrescenzo, are natural persons who reside in Collier County, Florida, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, NATIONAL CREDIT SYSTEMS, INC. ("NCS"), is a foreign profit corporation that maintains its principal place of business at 3750 Naturally Fresh Blvd, Atlanta, GA 30349, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7) as it regularly collects debts owed to others, specifically residential leasing organizations. NCS is also a credit furnisher under the FCRA because it furnishes information relating to consumers to credit reporting agencies for inclusion in a consumer report. Upon information and belief, NCS regularly conducts business in the State of Florida.

6. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign profit corporation that maintains its principal place of business at 475 Anton boulevard, Costa Mesa, CA 92626, and is subject to the jurisdiction of this Court. Defendant Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. Upon information and belief, Experian regularly conducts business in the State of Florida.

7. Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a foreign profit corporation that maintains its principal place of business at 1550 Peachtree Street, NW,

H-46, Atlanta, GA 30309, and is subject to the jurisdiction of this Court. Defendant Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports.

8. Defendant TRANSUNION, LLC ("TransUnion") is a foreign profit corporation that maintains its principal place of business at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court. Defendant TransUnion is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports.

## FACTUAL ALLEGATIONS

9. Prior to June 13, 2016, Plaintiffs had entered into a lease of residential property within the Avana Cypress Creek development (hereinafter "Avana"), which is owned and maintained by Greystar (hereinafter "Greystar").

10. Plaintiffs used the leased property as their residence, and thus the debt incurred by them to lease the property was so incurred for personal, family and household purposes, and therefore constitutes a "debt" as that term is defined under the FDCPA and the FCCPA.

11. On June 13, 2016, Plaintiffs terminated their lease and vacated the property. As a result, Plaintiffs owed certain fees to Avana and Greystar totaling $627.30. A letter was sent to Plaintiffs dated August 1, 2016, reflecting this debt. *See* **Composite Exhibit "A"** attached hereto.

12. Plaintiffs timely paid Avana and Greystar their balance of $627.30. On August 26, 2016, Greystar sent each Plaintiff a letter acknowledging the payment and stating that each

3

plaintiff had "fully satisfied" the account balance. *See* **Composite Exhibit "B"** attached hereto.

13. Despite Plaintiffs fully satisfying the account balance, Greystar thereafter transferred the debt to a debt collector, NCS. In letters dated August 31, 2016, NCS alleged that each Plaintiff owed a balance of $627.30 due to their failure "to make suitable arrangements concerning" the debt. The letters further threatened to report to each of the three national credit bureaus that the debt was delinquent. Each of these letters includes a statement at the bottom that "**[t]his communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose**" (emphasis in original). *See* **Composite Exhibit "C"** attached hereto.

14. Subsequently, Plaintiffs requested a copy of their credit reports from Defendants Experian, Equifax and TransUnion (collectively the "Credit Reporting Agencies"). Each showed the debt being reported as "past due" despite Plaintiffs' payment of such debt.

15. On or about December 1, 2016, each Plaintiff sent a letter to each Credit Reporting Agency by certified mail, formally requesting the debt be removed from their credit reports.

16. Plaintiffs received a response from Experian, which informed Plaintiffs that it conducted an investigation of the disputed information per their request. However, Experian failed to conduct a reasonable inquiry, and "updated" the tradeline to reflect that $627.00 remained "past due" as of December 2016. *See* **Composite Exhibit "D"** attached hereto.

17. Plaintiffs received no response from Equifax, which continues to report that the account is "derogatory" and that a "balance" of $627.00 remains owed as of May 2017. *See* **Composite Exhibit "E"** attached hereto.

4

18. Plaintiffs received a response from TransUnion, which informed Plaintiffs that the information disputed no longer appeared on their credit reports. However, TransUnion thereafter resumed reporting that the account is "adverse" and that a "balance" of $627.00 remains owed as of June 2017. *See* **Composite Exhibit "F"** attached hereto.

19. By sending the letters dated August 31, 2016, NCS is falsely and deceptively alleging that they have a legal right to collect money from Plaintiffs that they did not have at the time, which conduct is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.*

20. The Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendants.

21. Further, as a result of the reporting, Plaintiffs were unable to secure credit for the purpose of leasing a vehicle, and were instead forced into an unfavorable purchase agreement to secure necessary transportation.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST NCS
## 15 U.S.C. § 1692e(2)(A)

22. Plaintiff incorporates by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

23. The foregoing acts and omissions of NCS constitute a violation of the Fair Debt Collection Practices Act.

24. NCS authorized and facilitated against the Plaintiffs an attempt to collect a debt from them when it knew that the debt had been fully satisfied.

25. NCS violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by falsely alleging that Plaintiffs owed $627.30 when in fact they owed nothing.

26. As a direct and proximate result of NCS's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

27. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST NCS
## 15 U.S.C. § 1692e(10)

28. Plaintiffs incorporate by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

29. The foregoing acts and omissions of NCS constitute a violation of the Fair Debt Collection Practices Act.

30. NCS authorized and facilitated against the Plaintiffs an attempt to collect a debt from them when it knew that the debt had been fully satisfied.

31. NCS violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by falsely alleging that Plaintiffs owed $627.30 when in fact they owed nothing.

32. As a direct and proximate result of NCS's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

33. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(5). Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST NCS
## 15 U.S.C. § 1692f

34. Plaintiffs incorporate by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

35. The foregoing acts and omissions of NCS constitute a violation of the Fair Debt Collection Practices Act.

36. NCS authorized and facilitated against the Plaintiffs an attempt to collect a debt from them when it knew that the debt had been fully satisfied.

37. NCS violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by falsely alleging that Plaintiffs owed $627.30 when in fact they owed nothing.

38. As a direct and proximate result of NCS's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

39. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(5). Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

### COUNT IV
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST NCS
### Fla. Stat. § 559.72(9)

40. Plaintiffs incorporate by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

41. The foregoing acts and omissions of NCS constitute a violation of the Florida Consumer Collection Practices Act.

42. NCS authorized and facilitated against the Plaintiffs an attempt to collect a debt from them when it knew that the debt had been fully satisfied.

43. NCS violated Florida Statute § 559.72(9), which provides that in collecting a consumer debt, no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist," by falsely alleging that Plaintiffs owed $627.30 when in fact they owed nothing.

44. As a direct and proximate result of NCS's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

45. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of Florida Statute § 559.72(9). Accordingly, the

8

Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to Florida Statute § 559.77(2).

46. Furthermore, Florida Statute § 559.77(2) provides that "a court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." Plaintiffs hereby reserves the right to further amend this Complaint to include an allegation of punitive damages if discovery shows punitive damages may be proper.

## COUNT V
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AGAINST NCS
## 15 U.S.C. § 1681 *et seq.*

47. Plaintiffs incorporate by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

48. The foregoing acts and omissions of NCS constitute a violation of the Fair Credit Reporting Act.

49. NCS has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with 15 U.S.C. § 1681s-2(b).

50. Following the reinvestigation, NCS reported the erroneous credit information with actual knowledge of errors, in violation of 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

51. Following the reinvestigation, NCS reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

52. Following the reinvestigation and dispatch of notice directly to NCS at its designated address, NCS reported credit information that was in fact not accurate, in violation of 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(B).

53. Following the reinvestigation and dispatch of direct notice to NCS, NCS failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of 15 U.S.C. §§ 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

54. NCS's reinvestigation was not conducted in good faith.

55. NCS's reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiffs' consumer report.

56. NCS's reinvestigation was not conducted reasonably.

57. NCS's reinvestigation was not conducted using all information reasonably available to NCS.

58. NCS's reinvestigation was *per se* deficient by reason of these failures of NCS in its reinvestigation of the trade line on the Plaintiffs' consumer report.

59. NCS's actions in violating 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiffs to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

60. As a result of NCS's conduct, actions, and inactions, Plaintiffs were unable to secure credit.

61. As a result of NCS's conduct, actions, and inactions, Plaintiffs have suffered emotional distress, humiliation, mental anguish and damages to their creditworthiness.

62. Plaintiffs are entitled to recover costs and attorney's fees from NCS in amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

63. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

## COUNT VI
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AGAINST EXPERIAN
## 15 U.S.C. § 1681 *et seq.*

64. Plaintiffs incorporate by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

65. The foregoing acts and omissions of Experian constitute a violation of the Fair Credit Reporting Act.

66. Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

67. Experian willfully and/or negligently refused to properly reinvestigate the Plaintiffs' consumer report.

68. Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b).

69. Experian willfully and/or negligently violated 15 U.S.C. § 1681i.

70. Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

71. Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiffs in the course of the reinvestigation, in violation of 15 U.S.C. § 1681i(a)(4).

72. Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

73. In response to the request for reinvestigation, Experian improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of 15 U.S.C. § 1681i(a)(5).

74. Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the tradelines in violation of 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

75. Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiffs to actual damages, statutory damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

76. Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to the Plaintiffs as stated herein, and as a result, Experian is liable to compensate the Plaintiffs for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief as permitted by law.

77. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**COUNT VII**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**AGAINST EQUIFAX**
**15 U.S.C. § 1681 *et seq.***

78. Plaintiffs incorporate by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

79. The foregoing acts and omissions of Equifax constitute a violation of the Fair Credit Reporting Act.

80. Equifax willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

81. Equifax willfully and/or negligently refused to properly reinvestigate the Plaintiffs' consumer report.

82. Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b).

83. Equifax willfully and/or negligently violated 15 U.S.C. § 1681i.

84. Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

85. Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiffs in the course of the reinvestigation, in violation of 15 U.S.C. § 1681i(a)(4).

86. Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

87. In response to the request for reinvestigation, Equifax improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of 15 U.S.C. § 1681i(a)(5).

88. Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the tradelines in violation of 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

89. Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiffs to actual damages, statutory damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

90. Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to the Plaintiffs as stated herein, and as a result, Equifax is liable to compensate the Plaintiffs for the full amount of statutory and actual

damages, along with attorneys' fees and costs, as well as such other relief as permitted by law.

91. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

## COUNT VIII
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AGAINST TRANSUNION
## 15 U.S.C. § 1681 *et seq.*

92. Plaintiffs incorporate by reference 1 – 21 of the paragraphs of this Verified Complaint as though fully stated herein.

93. The foregoing acts and omissions of TransUnion constitute a violation of the Fair Credit Reporting Act.

94. TransUnion willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

95. TransUnion willfully and/or negligently refused to properly reinvestigate the Plaintiffs' consumer report.

96. TransUnion willfully and/or negligently violated 15 U.S.C. § 1681e(b).

97. TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i.

98. TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

99. TransUnion negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiffs in the course of the reinvestigation, in violation of 15 U.S.C. § 1681i(a)(4).

100. TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

101. In response to the request for reinvestigation, TransUnion improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of 15 U.S.C. § 1681i(a)(5).

102. TransUnion has negligently and/or willfully failed to conduct a proper reinvestigation of the tradelines in violation of 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

103. TransUnion's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiffs to actual damages, statutory damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

104. TransUnion's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to the Plaintiffs as stated herein, and as a result, TransUnion is liable to compensate the Plaintiffs for the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief as permitted by law.

105. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

## TRIAL BY JURY

106. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiffs, DESHAWN ROBINSON and DIANDRA DECRESCENZO, having set forth their claims for relief against the Defendants, NATIONAL CREDIT SYSTEMS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX

15

INFORMATION SERVICES, LLC, and TRANSUNION, LLC, respectfully request relief in favor of the Plaintiffs and against the Defendants:

A. For actual damages;

B. For compensatory damages;

C. For statutory damages;

D. For all reasonable legal fees and expenses incurred by their attorney;

E. For an injunction against Defendants to prevent any and all further attempts to collect the debt at issue herein;

F. For an order directing that the Defendants immediately delete all of the inaccurate information from the Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

G. For such other and further relief as the Court may deem just and proper.

Dated: July 7, 2017

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd
Fort Myers, Florida 33919
Phone: (239) 939-0900
Fax: (239) 939-0588

/s/ Joseph C. LoTempio
JOSEPH C. LOTEMPIO, ESQ.
Florida Bar Number: 0086097
jlotempio@DellutriLawGroup.com

Secondary e-mails (electronic service only):
Fla.ECF.DellutriLawGroup@gmail.com
kmichie@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida        )
                        ) ss
COUNTY OF Collier       )

Plaintiff, DESHAWN ROBINSON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DESHAWN ROBINSON

Subscribed and sworn to before me this 7th day of July, 20 17 by DESHAWN ROBINSON who:

☒ is personally known; or

☐ produced identification _____.

CATALINA GRISALEZ
MY COMMISSION # FF206945
EXPIRES March 05, 2019

Notary Public Catalina Grisalez

(SEAL)

17

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida         )
                         ) ss
COUNTY OF Collier        )

Plaintiff, DIANDRA DECRESCENZO, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DIANDRA DECRESCENZO

Subscribed and sworn to before me this 7th day of July, 20 17 by DIANDRA DECRESCENZO who:

☒ is personally known; or

☐ produced identification _____.

CATALINA GRISALEZ
MY COMMISSION # FF208945
EXPIRES March 05, 2019
(407) 398-0153   FloridaNotaryService.com

Notary Public  Catalina Grisalez

(SEAL)