UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESHAWN ROBINSON and
DIANDRA DECRESCENZO,

      Plaintiffs,

v.                                          Case No: 2:17-cv-386-FtM-99CM

NATIONAL CREDIT SYSTEMS,
INC.,

      Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion to Strike Defendant National Credit System's ("National") Affirmative Defenses and National's response in opposition. Docs. 44, 48. For the reasons discussed below, the Court finds Plaintiffs' motion should be granted in part and denied in part.

## I.    Background

On July 11, 2017, Plaintiffs filed a Verified Complaint and Demand for Jury Trial against National[1] under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.* According to the Verified Complaint, Plaintiffs ended a lease for a residential property in the Avana Cypress Creek development ("Avana"), which was

---

[1] The Complaint also was against three other defendants—Experian Information Solutions, Inc., Equifax Information Services, LLC and Transunion, LLC—but all claims against those defendants have been dismissed with prejudice. *See* Docs. 60, 65, 68.

owned and maintained by Greystar. Doc. 1 ¶¶ 9-11. Upon termination of the lease, Plaintiffs owed fees totally $627.30 to Avana and Greystar. *Id.* ¶ 11. Greystar sent Plaintiffs letters dated August 1, 2016, notifying them of their fee balance. *Id.*; *see also* Doc. 1-1 at 2, 4. Plaintiffs timely paid their balance of $627.30, and on August 26, 2016, Greystar sent Plaintiffs letters acknowledging their payments and indicating Plaintiffs "had 'fully satisfied' the account balance." *Id.* ¶ 12; *see also* Doc. 1-2 at 2-3.

Greystar, however, transferred the $627.30 debt to National, a debt collector. Doc. 1 ¶ 13. National accordingly sent letters to Plaintiffs regarding their debt and indicating the information would be placed on Plaintiffs' credit history with the three national credit bureaus if they did not timely place the account on hold. *Id.*; *see also* Doc. 1-3 at 2-3. Plaintiffs' credit reports from all three national credit bureaus subsequently reported the debt as "past due." Doc. 1 ¶ 14. Thus, Plaintiffs allege National violated the FDCPA and FCCPA by making false representations that Plaintiffs owed $627.30 when they did not. *Id.* ¶¶ 19, 22-46. Plaintiffs also assert National violated the FCRA by either knowingly reporting erroneous credit information or by consciously avoiding knowing the credit information was inaccurate, by failing to notify the credit bureaus that the debts were in dispute and by improperly reinvestigating the disputed debt. *Id.* ¶¶ 50-58. As a result of National's alleged conduct, Plaintiffs claim they have suffered various damages, including mental and emotional suffering, fright, anguish, shock, nervousness,

anxiety, humiliation, depression and an inability to secure credit. *Id.* ¶¶ 26, 32, 38, 44, 60-61.

National filed its Answer and Affirmative Defenses to Verified Complaint on August 2, 2017 and its First Amended Answer and Affirmative Defenses to Verified Complaint on September 26, 2017. Docs. 19, 41. Plaintiffs' present motion seeks to strike all nine of National's affirmative defenses. Doc. 44.

## II.  Discussion

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts generally disfavor motions to strike, "[d]istrict courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)." *Hansen v. ABC Liquors, Inc.*, No. 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted). An affirmative defense will be stricken if it is insufficient as a matter of law because it is (1) "patently frivolous," or (2) "clearly invalid as a matter of law." *Microsoft*, 211 F.R.D. at 683. In evaluating a motion to strike affirmative defenses, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Id.*

Affirmative defenses are subject to the general pleading requirements of Rule 8(b)(1)(A), which requires a party to "state in short and plain terms its defenses to each claim asserted against it." An affirmative defense must provide "fair notice" of the nature of the defense and indicate the plausible grounds upon which it rests. *Biller v. Cafe Luna of Naples, Inc.*, No. 2:14-CV-659-FTM, 2015 WL 1648888, at *1 (M.D. Fla. Apr. 13, 2015) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Merill v. Dyck-O'Neal, Inc.*, No. 2:15-cv-232-FtM-38MRM, 2015 WL 4496101, at *1 (M.D. Fla. July 23, 2015). Conclusory allegations are insufficient; an affirmative defense must contain more than bare bones allegations to withstand a Rule 12(f) motion to strike. *Merrill*, 2015 WL 4496101, at *1 (citing *Microsoft*, 211 F.R.D. at 684). The Court will address each of National's affirmative defenses in turn.

### 1. *Failure to State a Claim*

National's first affirmative defense states, "the Verified Complaint fails to allege sufficient ultimate facts to state a cause of action under the FCRA, the FDCPA or the FCCPA." Doc. 41 ¶ 107. Plaintiffs argue this must be stricken because it does not state how Plaintiffs' Verified Complaint is lacking such that it fails to state claims, and failure to state a claim is not a proper affirmative defense. Doc. 44 at 4. National responds this defense has a relationship to the controversy such that Plaintiffs are on notice of the nature of the defense. Doc. 48 at 5.

Although failure to state a claim is a proper affirmative defense, it is not sufficiently pled in this case to provide Plaintiffs or the Court with any factual

support or basis for the defense. *See Merrill*, 2015 WL 4496101, at *2 (citing Fed. R. Civ. P. 12(b)(6)) (striking defendant's affirmative defense for failure to state a claim because it provided neither opposing party nor the Court with any factual or legal basis for the defense); *F.D.I.C. v. Bayer,* No. 2:13-cv-752-FtM-29DNF, 2015 WL 686952, at *2 (M.D. Fla. Feb. 18, 2015) (same). Plaintiffs' motion to strike the first affirmative defense will therefore be granted without prejudice and with leave for National to amend the defense.

### 2. Compliance with the FCRA and Failure to Allege Facts Regarding National's Knowledge and Involvement

National's second affirmative defense alleges it "accurately recorded and reported credit information pertaining to the Plaintiffs," and National "reasonably investigated" any disputes in compliance with the FCRA. Doc. 41 ¶ 108. It also contends Plaintiffs failed to allege facts or information regarding National's knowledge or involvement. *Id.* Plaintiffs contend this defense is "merely a denial of the allegations in Plaintiffs' Complaint that [National's] conduct was in violation of the FCRA, specifically ¶¶ 49-58." Doc. 44 at 5. National argues the second affirmative defense provides notice for the basis of the defense in short and plain terms. Doc. 48 at 5.

The Court will treat National's second affirmative defense as a denial rather than an affirmative defense because "when a party incorrectly labels a 'negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial.'" *Colon v. Wal-Mart Stores, Inc.*, No. 2:13-cv-464-FtM-29DNF, 2014 WL 1588463, at *3

(quoting *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *2 (S.D. Fla. July 31, 2009)). Therefore, Plaintiffs' motion to strike National's second affirmative defense will be denied.

### 3. Lack of Willfulness or Intention

National's third affirmative defense states any alleged violations "were not willful or intentional," and Plaintiffs failed to plead sufficient facts to meet the standard of willfulness under the FCRA. Doc. 41 ¶ 109. It also contends Plaintiffs failed to allege facts or information regarding National's knowledge or intention. *Id.* Plaintiffs assert this defense is "merely a denial of the allegations in Plaintiffs' Complaint that [National's] conduct was willful and intentional, specifically ¶¶ 50-51 and 59." Doc. 44 at 5. National argues the affirmative defense provides notice of the nature of its defense that any actions taken by National "were in good faith and in compliance with the specific statutory and regulatory provisions." Doc. 48 at 5.

The Court finds the third affirmative defense is not an affirmative defense but a denial, and the Court will treat it as such. *See Muschong v. Millennium Physician Grp.*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *7 (holding defendant's affirmative defense of acting in good faith and complying with applicable law was not an affirmative defense but a denial); *see also Colon*, 2014 WL 1588463, at *3. Accordingly, Plaintiffs' motion to strike National's third affirmative defense will be denied.

*4. No Damages and Intervening/Superseding Causes*

National's fourth affirmative defense asserts Plaintiffs "have not been damaged," and that any alleged damages suffered were "in whole, or in part, caused by an intervening and superseding cause and not by any acts by [National]." Doc. 41 ¶ 110. National also contends any alleged damages were the "result of acts or omissions undertaken by others for which [National] has no responsibility." *Id.* Plaintiffs argue this defense is "merely a denial of the allegations in Plaintiffs' Complaint that they were damaged, specifically ¶¶ 20-21, 26-27, 32-33, 37-39, 44-45 and 60-61." Doc. 44 at 5. National claims the defense provides notice and is a valid legal defense. Doc. 48 at 6.

This affirmative defense raises two separate issues: the denial of Plaintiffs' claims of damages, and a proximate cause defense. First, the Court will treat the reference to Plaintiffs not having been damaged as a denial. *See Merrill*, 2015 WL 4496101at *2 (construing affirmative defense that plaintiff did not suffer damages as a denial). Therefore, the motion to strike will be denied as to the denial of Plaintiffs' alleged damages.

Second, while the contention that superseding or intervening causes harmed the Plaintiffs can serve as a valid affirmative defense, National's statements here do not provide any factual support to put Plaintiffs on notice of what acts or omissions by others constitute superseding or intervening causes of the alleged harms to Plaintiffs. *See Arianas v. LVNV Funding LLC*, No. 8:14-cv-01531-T-27EAJ, 2015 WL 12859320, at *2 (M.D. Fla. Apr. 15, 2015) (striking affirmative defense that

superseding or intervening causes harmed plaintiff because defense did not provide factual allegations to put plaintiff on notice). Therefore, the Court will grant Plaintiffs' motion to strike the superseding or intervening causes portion of the defense without prejudice and with leave to amend.

### 5. Apportionment of Damages

In its fifth affirmative defense, National argues, "any damages suffered by the Plaintiff[s] should be apportioned in accordance with the fault or legal responsibility of all other parties, persons, agents, or entities, who caused such damages based upon evidence as presented at trial." Doc. 41 ¶ 111. Plaintiffs assert this is insufficient because it fails to "provide any information as to what other parties are purportedly responsible for Plaintiffs' damages, [or] how they are so responsible." Doc. 44 at 6. National contends other third parties over whom it has no control "may be contributorily negligent or responsible for any damages," and the affirmative defense thus alleges a valid defense. Doc. 48 at 6.

Comparative fault is a valid defense in negligence claims. *See Bre/Cocoa Beach Owner, L.L.C. v. Rolyn Cos., Inc.*, 2012 WL 12905849, at *3 (M.D. Fla. Nov. 30, 2012). Here, National may properly raise a comparative fault defense because Plaintiffs' complaint alleges a negligence cause of action under the FCRA. *See* Doc. 1 ¶¶ 47-63 (alleging National negligently violated the FCRA); *see also Bruno v. Equifax Info. Servs., LLC*, Civ. No. 2:17-0327 WBS EFB, 2017 WL 2833393, at *3 (E.D. Cal. June 30, 2017) (denying motion to strike comparative fault defense where plaintiff alleged a negligence cause of action under the FCRA). This defense is

sufficiently pled and provides fair notice of the nature of the defense. Accordingly, Plaintiffs' motion to strike National's fifth affirmative defense will be denied.

### 6. *Bona Fide Error*

National asserts in its sixth affirmative defense:

> [T]o the extent any errors were made with respect to its investigation or furnishing of information[, it] was the result of a bona fide error or clerical mistake which does not rise to the level of a violation as contemplated by the FRCA. [National] has processes and procedures in place to insure that disputes received are investigated, all relevant information is reviewed and if required, to modify, delete or block inaccurate information. Notwithstanding, as [National] has implemented reasonable procedures to avoid any alleged violations of FDCPA, FRCA or the FCCPA and any such violation is the result of a bona fide error.

Doc. 41 ¶ 112. Plaintiffs argue the bona fide error defense does not apply to FCRA claims, and thus the defense should be stricken as to the FCRA. Doc. 44 at 7. Plaintiffs also assert the defense is inadequately pled as to the FDCPA and the FCCPA because it is not pled with particularity as required for averments of mistake under Federal Rule of Civil Procedure 9(b). *Id.* at 8. National does not contest the inapplicability of the defense to the FCRA but asserts the defense provides fair notice as to the FDCPA and FCCPA. *See* Doc. 48 at 7. National fails to address the applicability of Rule 9(b) to bona fide error defenses, instead merely stating that "[t]he heightened standard for pleading under Federal Rule of Civil Procedure 8(a) does not apply to defenses." *See id.*

The bona fide error defense is available under the FDCPA and the FCCPA, but not under the FCRA. *See* 15 U.S.C. § 1692k(c); Fla. Stat. § 559.77(3). National does not contest this point, so the Court will construe the bona fide error defense as

applicable only to the FDCPA and FCCPA claims. *See* Doc. 48 at 7. As such, the defense is legally sufficient[2] because it describes the processes in place to avoid such mistakes and puts Plaintiffs on notice of the defense. *See* Doc. 41 ¶ 112; *see also Arianas*, 2015 WL 12859320, at *1; *Harris v. Nationstar Mortgage, LLC*, No. 8:13-cv-2610-T-17EAJ, 2014 WL 11332305, at *2 (M.D. Fla. Apr. 23, 2014). Plaintiffs' motion to strike this defense will therefore be denied.

### 7. Preemption

In its seventh affirmative defense, National contends "all or part of the Plaintiff[s'] claims are pre-empted." Doc. 41 ¶ 113. Plaintiffs argue the defense is insufficient because it does not indicate which claims are preempted or how. Doc. 44 at 6. National asserts the defense gives notice of the defense in short and plain terms. Doc. 48 at 7. Here, the only claim conceivably subject to preemption is the FCCPA claim. National fails to provide adequate notice, however, because the one-sentence bare-bones statement does not identify what preempts the FCCPA claim in this case and how. *See Walker v. Credit Control Servs., Inc.*, No. 8:15-cv-1114-T-17TGW, 2015 WL 4571158, at *3 (M.D. Fla. July 28, 2015) (striking a defense that claims "may be preempted in whole or in part by the FCRA" because a "one-sentence 'bare-bones allegation'" does not meet the pleading requirements of Rule 8(a)).

---

[2] The Court acknowledges, as did the court in *Roth v. Nationstar Mortgage, LLC*, that several courts in this district and circuit apply Rule 9(b)'s heightened pleading standard to the bona fide error defense. *See* No. 2:15-cv-783-FtM-29MRM, 2016 WL 7094023, at *3 n.3 (M.D. Fla. Dec. 6, 2016). The Court reserves judgment on the issue at this time.

Therefore, Plaintiffs' motion to strike the defense will be granted without prejudice and with leave to amend.

*8. Failure to Mitigate Damages*

National's eighth defense asserts Plaintiffs' claims and damages are "barred in whole or in part because the Plaintiff[s] have failed to attempt to mitigate their damages." Doc. 41 ¶ 114. Plaintiffs argue this defense is insufficient because it does not provide information regarding "what actions Plaintiffs allegedly failed to take to mitigate their damages." Doc. 44 at 6. National claims the defense is proper because it indicates its relation to the controversy in short and plain terms. Doc. 48 at 8. The Court finds the defense insufficient because—contrary to National's argument—the conclusory statement makes no reference to how it is connected to Plaintiffs' claims. *See Schmidt v. Synergentic Commc'ns, Inc.*, No. 2:14-cv-539-FtM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015) (striking failure to mitigate defense because it did not contain "any allegations connecting the defense to [plaintiff's] claims"). Therefore, Plaintiffs' motion to strike the affirmative defense will be granted without prejudice and with leave to amend.

*9. Equitable Doctrines*

National's ninth affirmative defense states, "the Plaintiff[s] are barred from obtaining any relief under the Verified Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines" "to the degree they are supported or established by discovery or the factual developments or evidence presented in this matter." Doc. 41 ¶ 115. Plaintiffs claim this defense "provides no information as to

which doctrines are applicable, nor how any such doctrines are applicable." Doc. 44 at 6. National responds these are among the defenses specifically listed under Rule 8(c)(1), and "[a]llowing these recognized defenses without later having to seek to amend the Answer based upon evidence determined or found through discovery will assist in judicial economy." Doc. 48 at 8.

The Court finds this wholly conclusory list of possibly applicable defenses insufficient as a matter of law. National attempts to reserve the right to assert additional defenses as they may become known through discovery. Since the affirmative defense does not respond to the allegations in the Plaintiffs' Complaint, however, it is not a proper affirmative defense. *See Biller*, 2015 WL 1648888, at *2; *see also Merill*, 2015 WL 4496101, at *3 (citing *Microsoft*, 211 F.R.D. at 684). The Court will thus strike the defense with leave to amend to include only those defenses for which there is currently factual support. If National becomes aware of additional defenses through discovery, it also may seek leave to amend its Answer by filing an appropriate motion.

ACCORDINGLY, it is

**ORDERED:**

1. The Motion to Strike Defendant National Credit System's Affirmative Defenses (Doc. 44) is **GRANTED in part and DENIED in part**.

2. Plaintiffs' motion is **GRANTED** as to National's first, seventh, eighth and ninth affirmative defenses, and as to the superseding and intervening causes portion of the fourth affirmative defense. These affirmative defenses are **STRICKEN**,

**without prejudice**, with leave for National to amend in compliance with Fed. R. Civ. P. 8(b)(1)(A) on or before **May 3, 2018**.

3. Plaintiffs' motion is **DENIED** as to National's second, third, fifth and sixth affirmative defenses, and as to the damages portion of the fourth affirmative defense.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record