## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

DESHAWN ROBINSON and DIANDRA
DECRESCENZO,

        Plaintiffs,

v.

NATIONAL CREDIT SYSTEMS, INC.,
EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION
SERVICES, LLC, and TRANSUNION,
LLC,

        Defendants.

Case No.: 2:17-cv-00386-UA-CM
Magistrate Judge Carol Mirando

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF COSTS AND ATTORNEYS' FEES

      Defendant National Credit Systems, Inc. ("NCS"), through its undersigned counsel, files this Response in Opposition to Plaintiffs' Motion for Attorney's Fees.

## I.    INTRODUCTION

      Plaintiffs' astonishing request for an award of attorney's fees and costs totaling $63,765.00 is unreasonable on its face and should be carefully scrutinized and denied by the court. Both the hours and the rates claimed by counsel to litigate this simple fair debt collection practices case are grossly excessive and should be substantially reduced.

      As an initial matter, Plaintiffs' time records reveal that many of the time and costs entries are not recoverable from NCS. Indeed, many of the time and cost entries do not relate to NCS at all – on their face, such entries relate solely to Plaintiffs' claims against other parties, Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TU") and Equifax Information Services, LLC ("Equifax") (collectively, the "CRA's"). These entries are not chargeable to NCS. Other entries relate to common tasks and expenditures that were undertaken as to all defendants.

These amounts should be reduced across the board because these items necessarily encompass resources that were expended to pursue Plaintiffs' claims against the CRA's, as well as NCS. Plaintiffs have settled with the CRA's and should not be permitted to "double dip" and receive an unearned windfall as they seek to do here.

Additionally, time purportedly expended by counsel performing unnecessary, excessive, duplicative, and administrative tasks is not compensable under any circumstance *regardless* of who performed such tasks.

The hourly rates sought by Plaintiffs' counsel are also plainly excessive for comparable work done by attorneys located within this district.  Plaintiffs' citation to surveys and cases – many of which are distinguishable from the case at hand – are not evidence of the prevailing market rate for the Middle District of Florida. Furthermore, Plaintiffs have not demonstrated that their counsel have ever been paid $425 per hour, much less that Plaintiffs agreed to pay such amount. Accordingly, the requested rates should be reduced.

Finally, there are no special circumstances which would warrant a fee "multiplier" in this garden variety collections practices case. Although Plaintiffs devote the better part of their brief trying to bolster their request for such recovery, a cursory review of the claims and the docket, itself, confirms that there is no justifiable basis upon which to depart from a lodestar award.

## II.     Applicable Law

The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292–1303 (11th Cir. 1988).

Although the "lodestar" method effectively replaced the *Johnson* balancing test previously employed in the Eleventh Circuit, courts still consider the twelve factors leftover from the balancing test in determining the lodestar amount. *See James v. Wash Depot Holdings, Inc.,* 489 F. Supp. 2d 1341 (S.D. Fla. 2007) citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). The *Johnson* factors are: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–719.

While the attorney for a successful party may be deserving of a reasonable fee, he or she is not entitled to a windfall at the Defendant's expense. See, *Johnson, supra* at 720 ("[C]ourts must remember that they do not have a mandate … to make the prevailing counsel rich."). However, attorney's fees should not be the tail that wags the dog. Indeed, "[a] request for attorneys fees should not result in a second major litigation." *Hensley* at 433-434.

The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983) (if an applicant's documentation with respect to hours "is inadequate, the district court may reduce the award accordingly"); *Duckworth, supra,* 97 F.3d at 1396; *Norman, supra,* 83 F.3d at 1299, 1303 (with respect to rates, an applicant may meet this burden by

producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates). Additionally, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Norman* at 1303. Ultimately, in deciding what fees appropriately should be awarded, the court must articulate the decisions it makes, give principled reasons for those decisions, and show its calculations. *Id.*

### III.   Argument

#### A.   <u>The Time and Expenses Purportedly Expended By Plaintiffs Are Not Reasonable</u>

There can be no dispute that the Court should substantially reduce Plaintiffs' requested award. In seeking attorney's fees, parties must exercise what courts have described as "billing judgment." *ACLU of Ga. v. Barnes*, 168 F. 3d 423, 428 (11th Cir. 1999). This requires applicants to "exclude from their fee applications excessive, redundant or otherwise unnecessary hours," i.e., hours that would be "unreasonable to bill to a client and therefore to one's adversary." *Id.* If fee applicants fail to exercise billing judgment, then "courts are obligated to do it for them." *Id.* Courts are "not authorized to be generous with the money of others and it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* If the number of hours claimed is unreasonably high, which is the case here, a district court has two choices: it may conduct an hour by hour analysis or it may reduce the requested hours within an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 (11th Cir. 2008).

##### 1.   <u>Fees and Costs Not Related to NCS Are Not Recoverable</u>

Here, Plaintiffs' time records reveal that many of the time and costs entries are not recoverable from NCS as a matter of law. A careful review of the time records offered in support

of Plaintiffs' motion (Doc. 80-1) confirms that Plaintiffs are seeking to recover time and costs from NCS that were purportedly expended by Plaintiffs to pursue claims against the CRA's, **not NCS**. NCS has attached a marked-up version of Plaintiffs' time records identifying all such entries in red ("Non-NCS Fees and Cost"). See <u>**Exhibit 1**</u>: Reviewed Time Records. The Non-NCS Fees and Costs equal $7,339.50 and, therefore, any award to Plaintiffs should be reduced by this amount. *Id*.

2.     <u>Fees and Costs Attributable to All Defendants Should be Prorated</u>

Plaintiffs also seek fees and costs that were purportedly expended on common tasks and expenditures in this matter ("Shared Fees and Costs"). These entries are identified in **green** and necessarily include common time and costs spent on Plaintiffs' claims against the three (3) CRA's as well as NCS.  Plaintiffs elected to file one suit against the four different defendants, including NCS, presumably to save resources. But, they cannot seek payment from NCS for all such amounts particularly when it is clear that they have recovered such fees and costs from the CRA's, themselves, by way of settlement. The Shared Fees and Costs equal $11,525. Justice requires that the Shared Fees and Costs be prorated equally amongst the four defendants ($2,881.25).   Accordingly, any award to Plaintiffs should be further reduced by 75% or $8,643.75 to reflect the portion of Shared Fees and Costs attributable to the CRA's.

3.     <u>Fees Attributable to Unnecessary, Excessive and Duplicative Work Are Not Recoverable</u>

Plaintiffs' time records also reveal duplication of effort with regard to several discrete tasks. Plaintiffs filed four virtually identical motions to extend time to file a motion to strike each defendants' answers and affirmative defenses due to his own professional demands. (Doc. 29-32). Not only was it not necessary to file the same motion four times, this work was occasioned

by Plaintiffs' counsel's own scheduling issues, not the parties. This amount ($127.50) should not be recoverable from NCS.

Plaintiffs then filed largely duplicative motions to strike the answers of TU and NCS (Doc. 43-44). The motion as to NCS was granted in part and denied in part. Accordingly, the 10/3/2017 entry should be reduced by $318.75 to reflect the duplication and limited success obtained.

Perhaps the most obvious misuse of time and resources pertains to Plaintiffs' decision to proceed with depositions on June 22, 2018 notwithstanding the fact that NCS' offer of judgment was served well in advance of the depositions. Although Plaintiffs apparently had every intention of accepting the offer, they elected to expend $4707.00 preparing for and attending a deposition ($3825) and ordering a transcript that was never used ($882). "While parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys … they may not foist these extravagances upon their unsuccessful adversaries. *King World Productions, Inc., v. Financial News Network, Inc.*, 674 F. Supp. 438, 440 (S.D. N.Y. 1987), quoting *Farmer v. Arabian American Oil Company*, 31 F.R.D. 191, 193 (S.D. N.Y. 1963). Plaintiffs should not be rewarded for such gamesmanship.

Lastly, the time records submitted by Plaintiffs' counsel also contain entries for administrative and clerical tasks. It is well-settled that "hours may not be charged to the opposing party if they are administrative or clerical functions, regardless of who performs them." *Norman, supra*; *Daggett v. Kimmelman*, 811 F. 2d 793, 797 (3rd Cir. 1987), *see also Frazier v. City of Gadsden*, No. 4:13-cv-757-VEH, 2016 WL 2771128, at *17 (N.D. Ala. May 13, 2016) (reducing fee award for tasks which were "clerical in nature, and, therefore, not recoverable"). Plaintiffs' award should be reduced by no less than $425.00 to account for such clerical, non-recoverable

tasks.

**B.  The hourly rates sought by counsel are not reasonable**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman, supra*, at 1299. The party seeking the fees "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id*. To be satisfactory, the evidence "**necessarily must speak to rates actually billed and paid in similar lawsuits**." *Id*. (emphasis added). Evidence of such rates "may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id*. It is thus clear that the satisfactory evidence "at a minimum" must be "more than the affidavit of the attorney performing the work." *Id*.

In support of the $425 hourly rate sought for counsel, Plaintiffs offers the declarations of their counsel, paralegal and two attorneys, as well as a Consumer Attorney Fee Survey Report. None of these materials provide support for the requested rates in *this* matter.

First, counsel's own self-serving declarations are woefully insufficient to establish that the requested rate is reasonable. Although counsel claim that they signed a retainer agreement with Plaintiffs, counsel have not in fact attached the purported agreement for review nor have they disclosed the hourly rate that was agreed to by Plaintiffs at the time counsel were retained.

Moreover, Plaintiffs offer no evidence any of these attorneys has ever been paid at the $425 hourly rate by any client, or any court for that matter, for work comparable to that which was provided by counsel in this routine debt collection matter.

Other courts in this district have awarded rates of $275 per hour for comparable work to that which was performed in this case. See, for e.g., Seaman v. McGuigan, 2013 WL 806610, at

*5 (M.D.Fla.,2013). In the *Seaman* matter, Magistrate Judge Smith examined the declarations of counsel and the Attorney Fee Survey to reduce the requested attorney rate from $355 to $275, $275 and $215, respectively, for counsel from a nationally known and respected consumer firm. In doing so, Judge Smith reasoned:

> Having considered the *Johnson* factors, including the experience of the attorneys, the location of their practice, the Court's knowledge of market rates in Central Florida, and the other attached documents, I find that the requested hourly rates are not objectively reasonable. There is nothing novel or difficult about this case and it did not require an attorney of great skill to properly prosecute the case. There is no evidence that counsel was precluded by this engagement from accepting other employment or that they were under any time limitations imposed by the client. There is nothing to suggest this work was undesirable and I find the hourly rates are above the customary rate in this community for similar work. Accordingly, I have reduced the requested hourly rates as follows: Shireen Hormozdi-$275; Jessica Pascale-$215; Douglas Baek-$215; and Paralegals-$125.

*Id*.

NCS submits that similar reductions should be made by the Court to ensure that the rate awarded is, in fact, reasonable for this district.

### C.    The *Johnson* Factors Do Not Support An Enhanced Award

As set forth above, the lodestar analysis warrants a substantially reduced award to Plaintiffs in this matter. While the Court has discretion to adjust a lodestar award, that amount embodies a presumptively reasonable fee.

*Perdue v. Kenny ex rel. Winn*, 559 U.S. 542, 554, 130 S.      Ct. 1662, 176 L.      Ed. 2d 494 (2010). The Supreme Court has held that the lodestar should only be altered "in those rare circumstances in which [it] does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.*; *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993) (noting that "courts have severely limited the instances in which a lawfully found lodestar amount may be adjusted to a higher or lower

level"). Simply put, there is no justifiable basis to multiply the lodestar award in this case.

Although Plaintiffs did recover statutory damages, they did not recover actual damages, compensatory damages or injunctive relief as sought in the complaint. Furthermore, such recovery did not come after motion practice or trial. Fearing that attorneys' fees were the *real* tail wagging the dog, NCS offered to pay statutory damages for the sake of conserving resources.

Second, the time and labor expended in this routine civil case does not support an upward adjustment. Although Plaintiffs state, in conclusory fashion, that this matter required extraordinary expenditures of time, the billing invoice and docket, itself, reflect standard tasks that are routine and customary in all federal civil cases, research being no exception.

There was, likewise, nothing novel, difficult or complex about this case. The crux of Plaintiffs' claim was that they previously paid an amount they acknowledge was due and owing for their lease but the balance was subsequently forwarded for collection despite such payment. Indeed, this was not a case of first impression involving complex, statutory interpretation or an argument for expansion of the law. Plaintiffs' claims to the contrary are undermined by the pleadings, themselves, and presumably this own Court's experience handling claims akin to the claims raised in this case.

Plaintiffs' counsel has, likewise, not offered any verifiable evidence that this case precluded the firm from taking other work. Indeed, Plaintiffs' counsel continued to handle cases as they always have without any demonstrable reduction.

Lastly, that Plaintiff hired counsel on a contingency basis – which has not been established because no fee agreement was produced – does not warrant an adjustment as to the rate or the overall award. By counsel's own admission, the firm takes an assortment of cases, and well-versed in this type of litigation. There was no hardship at all associated with litigating this

case. As such, there is no basis to multiply the lodestar award or make any other upward adjustments.

## IV.    CONCLUSION AND REQUESTED RELIEF

For all of these reasons, the Court should reduce the requested award as follows:

| | |
|---|---|
| Plaintiffs' Lodestar (no multiplier) | $33,440.50 |
| **Minus** Non-NCS Time and Costs | $ 7,339.50 |
| **Minus** Shared Time and Costs | $ 8,643.75 |
| **Minus** Unnecessary/Excessive/Duplicative Time | $ 5,578.25 |
| Subtotal | $11,879.00 |

The hourly rate for the attorney time entries should also be reduced from $425 to $275 resulting in a lodestar award to Plaintiffs of no more than $7000 inclusive of all costs and attorneys' fees.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson
**VARNUM LLP**
300 N. 5th Avenue, Suite 230
Ann Arbor, MI 48104
Telephone: (734) 372-2900
Facsimile: (734) 372-2940
caolson@varnumlaw.com

Dated: September 7, 2018

## <u>CERTIFICATE OF SERVICE</u>

I, Charity A. Olson, hereby state that on September 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will provide service of such filing upon all attorneys of record.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson
**VARNUM LLP**
300 N. 5th Avenue, Suite 230
Ann Arbor, MI 48104
Telephone: (734) 372-2900
Facsimile: (734) 372-2940

Dated: September 7, 2018     caolson@varnumlaw.com