UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESHAWN ROBINSON and
DIANDRA DECRESCENZO,

        Plaintiffs,

v.                                  Case No:   2:17-cv-386-FtM-38CM

NATIONAL CREDIT SYSTEMS,
INC.,

        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

      This matter comes before the Court upon review of Plaintiffs' Motion for an Award of Costs and Attorneys' Fees and for Leave to File Post-Judgment Discovery, Defendant National Credit Systems, Inc.'s ("NCS") response in opposition and Plaintiffs' reply.   Docs. 79, 92, 95.[2]   Plaintiffs seek $65,323.00 in attorneys' fees and costs.   Doc. 79 at 4.   NCS does not dispute Plaintiffs' entitlement to attorneys' fees

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and costs, but it disputes the reasonableness of the amount requested.   *See generally* Doc. 92.   For the reasons stated herein, Plaintiffs' motion will be granted in part and denied in part.   As the undersigned did not find oral argument or further testimony necessary to resolution of this motion, Plaintiffs' request for oral argument is denied.

## I.   Background

On July 11, 2017, Plaintiffs filed a Complaint against NCS, Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Transunion, LLC ("Transunion") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*   Plaintiffs alleged NCS, a debt collector, sent Plaintiffs letters regarding a debt they did not owe and indicated the information would be placed on Plaintiffs' credit history with the three national credit bureaus. Doc. 1 ¶ 13; *see also* Doc. 1-3 at 2-3.   Plaintiffs' credit report from all three national credit bureaus subsequently reported the debt as "past due." Doc. 1 ¶ 14.   Thus, Plaintiffs alleged NCS violated the FDCPA, FCCPA and FCRA, and Experian, Equifax and Transunion violated the FCRA.   *Id.* ¶¶ 22-105.

Plaintiffs settled the claims against Equifax, Experian and Transunion on October 3, 2017, October 16, 2017 and February 14, 2018, respectively.   Docs. 45, 47, 59, 60, 61, 64, 65, 66, 67, 68, 69.   On June 19, 2018, NCS served on Plaintiffs an Offer of Judgment under Federal Rule of Civil Procedure 68, which Plaintiffs accepted on June 29, 2018.   *See* Docs. 75, 75-1.   Judgment as to NCS was entered on July

20, 2018 and amended on September 6, 2018.   Docs. 77, 90.   The Amended Judgment stated NCS would pay Plaintiffs $3,000.00 each "in full and final satisfaction of any and all damages sought from [NCS]," as well as "an additional amount of reasonable attorney's fees and costs incurred by Plaintiffs."   Doc. 90. Plaintiffs filed the present motion on August 3, 2018, NCS responded in opposition on September 7, 2018, and Plaintiffs replied on October 15, 2018.   Docs. 79, 92, 95. In relation to their request for $65,323.00 in attorneys' fees and costs, Plaintiffs seek leave to serve post-judgment discovery regarding the fees charged by NCS's counsel in this case and request an evidentiary hearing and oral argument on the motion. *See* Doc. 79 at 5; Doc. 96.   The matter is ripe for judicial review.

## II.   Analysis

Parties generally are required to bear their own litigation expenses regardless of who wins or loses.   *Fox v. Vice*, 563 U.S. 826, 832 (2011).   Exceptions exist, however, where Congress has authorized courts to deviate from this rule in certain types of cases by shifting fees from one party to another.   *Id.*   The FCRA, FDCPA and FCCPA all contain fee-shifting provisions, entitling prevailing plaintiffs to an award of fees and costs.   15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), 1692k(a)(3); Fla. Stat. § 559.77(2).   Here, NCS conceded to having a judgment entered against it, which expressly included an award of reasonable attorneys' fees and costs to be determined by the Court in the event the parties could not agree on the amount.   *See* Docs. 78, 90.   Accordingly, there is no dispute as to Plaintiffs' entitlement to reasonable attorneys' fees and costs.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate for the relevant type of litigation, a calculation referred to as the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lee Cty. v. Tohari*, 582 So. 2d 104, 105 (Fla. 2d DCA 1991). The lodestar figure may be reduced or enhanced based on the level of success achieved. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

In support of their request for fees, Plaintiffs filed declarations by Plaintiffs' attorneys and paralegal, Joseph C. LoTempio, Esq., David W. Fineman, Esq. and Kathy Michie, declarations by two other Florida lawyers with experience practicing consumer law in the Middle District of Florida, Marcus W. Viles, Esq. and Brian D. Zinn, Esq., a United States Consumer Law Attorney Fee Survey Report ("Fee Survey Report") and the U.S. Attorney's Office Fees Matrix. Docs. 79-1, 79-2, 80, 81, 82, 83, 84. Plaintiffs assert Mr. LoTempio incurred $30,557.50 in fees, Mr. Fineman incurred $510.00 in fees, and their paralegal incurred $815.00 in fees. Doc. 79 at 4; Doc. 80 at 3; Doc. 80-1 at 2-6; Doc. 81 at 3; Doc. 81-1 at 2; Doc. 82 at 2; Doc. 82-1 at 6-7. Plaintiffs seek a 2.0 fee multiplier on the $31,882.50 in fees incurred, as well as $1,558.00 in costs. Doc. 79 at 4, 23-24. Plaintiffs thus seek a total of $65,323.00 in attorneys' fees and costs. *Id.* at 4, 25. NCS asserts Plaintiffs are entitled to no more than $11,879.00 in attorneys' fees and costs, arguing Plaintiffs are not entitled to recover time and costs spent on litigation against other Defendants; time and costs shared amongst Defendants should be prorated; and unnecessary, excessive, duplicative or administrative tasks should be eliminated. *See* Doc. 92 at 4-10. NCS

also argues a fee multiplier is not warranted in this case.  *Id.* at 8-10.   The Court recommends Plaintiffs' requested attorneys' fees and costs be granted in part and denied in part.

### 1.  Reasonable hours

An attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel.  *Duckworth v. Whisenant,* 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman,* 836 F.2d at 1301). "The fee opponent then has the burden of pointing out with specificity which hours should be deducted."  *Ottavio v. Nautilus Ins. Co.,* 717 F. Supp. 2d 1259, 1265 (M.D. Fla. 2010) (internal quotations omitted) (citing *Norman,* 836 F.2d at 1301); *Centex-Rooney Constr. Co., Inc. v. Martin Cty.,* 725 So.2d 1255, 1259 (Fla. 4th DCA 1999)). The Court will address each of NCS's fee challenges, recommending fee adjustments as appropriate.   Having conducted a thorough review of Plaintiffs' counsel's timesheets, the Court recommends the remainder of the billed hours requested are reasonable.

### a.   Time incurred against all or other Defendants

NCS argues that as a matter of law, Plaintiffs cannot recover fees and costs incurred pursuing claims against the other Defendants, identifying over 100 such billing entries in Plaintiffs' counsel's records.   *See* Doc. 92 at 4-5; Doc. 92-1.   NCS also asserts fees and costs purportedly expended on common tasks should be prorated equally amongst the four Defendants, assuming Plaintiffs recovered fees and costs from Equifax, Experian and Transunion through their settlement agreements.   *See*

Doc. 92 at 5; Doc. 92-1.   Plaintiffs retort that NCS's Offer of Judgment stated NCS would pay "reasonable attorney's fees and costs incurred by Plaintiffs in the above-captioned action." Doc. 95 at 1-2 (quoting Doc. 75-1).   Because offers of judgment must be construed against the drafter, Plaintiffs assert the Offer should be interpreted to entitle Plaintiffs to all fees and costs incurred in this case, not just those incurred against NCS. *Id.* at 2 (citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002)).   Further, Plaintiffs contend there is no indication Plaintiffs received anything from the other Defendants, and fees need not always be apportioned. *See id.* at 2-3 (citing *Council for Periodical Distribs. Assocs. v. Evans*, 827 F.2d 1483, 1487 (11th Cir. 1987)).

Plaintiffs have the more persuasive argument here.   Although NCS claims Plaintiffs cannot recover fees and costs incurred against other Defendants "as a matter of law," NCS cites no legal authority to support this contention. *See* Doc. 92 at 4-5.   Nor does NCS cite any authority to support that fees and costs expended on common tasks should be apportioned amongst Defendants. *See* Doc. 92 at 5.   As Plaintiffs note, the Eleventh Circuit has made clear "fees must not always, or even usually, be apportioned." *Council for Periodical Distribs. Assocs.*, 827 F.2d at 1487. As NCS was largely responsible for the claims in this case, the Court finds any apportionment or proration of the fees unnecessary. *See id.* at 1488; *see generally* Doc. 1.   And most importantly, the language of NCS's Offer of Judgment does not limit its payment of attorneys' fees and costs to those incurred against it. *See* Doc. 75-1 at 2.   Because any ambiguity as to NCS's Offer of Judgment must be interpreted

against NCS as the drafter, the Court interprets NCS's Offer of Judgment to include an offer to pay *all* reasonable attorneys' fees and costs incurred by Plaintiffs in the case, not just those incurred against NCS.   *See* Doc. 95 at 2; *Util. Automation 2000,* 298 F.3d at 1244.   Thus, the Court recommends the fees and costs attributable to all or other Defendants need not be apportioned or prorated.

b.   Unnecessary, excessive or duplicative work

NCS argues Plaintiffs' time records reveal unnecessary, excessive or duplicative work that is not recoverable against NCS.   Doc. 92 at 5-7.   NCS identifies the following tasks as duplicative:[3]

| | | |
|---|---|---|
| 08/22/17 JLO | Drafted MFEOT to file MTS Experian's affirmative defenses | 0.30 |
| 08/22/17 JLO | Drafted MFEOT to file MTS [NCS]'s affirmative defenses | 0.30 |
| 08/24/17 JLO | Drafted and filed MFEOT to file MTS TransUnion's aff defs | 0.30 |
| 08/24/17 JLO | Drafted and filed MFEOT to file MTS Equifax's aff defs | 0.30 |
| 10/03/17 JLO | Drafted and filed MTS NCS's Amended AD | 1.00 |
| 10/03/17 JLO | Drafted and filed MTS Experian's[4] Amended AD | 1.00 |

*See* Doc. 92 at 5-6.   The Court agrees as to the motions for extension of time but disagrees as to the motions to strike.   As NCS states, the four motions for extension of time are virtually identical, and it was unnecessary for Plaintiffs to file four separate motions for extension.   Therefore, the Court recommends eliminating the charges incurred for drafting and filing three of the motions for extension, amounting to a reduction of 0.90 hours.   The motions to strike, however, required reviewing two

---

[3] All reproductions of invoices in this Report and Recommendation are for ease of reference only.   They are intended to convey succinctly the relevant portions of information from the invoices.

[4] NCS references Plaintiffs filing a motion to strike Transunion's answer, but it appears NCS intended to refer to Experian.   *See* Doc. 92 at 6; *but see* Doc. 43

different Defendants' answers and making arguments regarding each Defendants' independent affirmative defenses. *See* Docs. 40, 41, 43, 44. Further, NCS provides no support for its contention that the partial denial of Plaintiffs' motion to strike NCS's affirmative defenses warrants prorating the time spent on it. Doc. 92 at 6; *see Norman*, 836 F.2d at 1301 ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). Therefore, the Court does not recommend adjusting the hours spent on the motions to strike.

NCS also argues Plaintiffs' counsel's time spent deposing NCS's corporate representative on June 22, 2018 was unnecessary "gamesmanship" because "[a]lthough Plaintiffs apparently had every intention of accepting [NCS's Offer of Judgment], they elected to expend $4,707.00 preparing for and attending a deposition ($3825) and ordering a transcript that was never used ($882)." Doc. 92 at 6. As Plaintiffs explain, however, Plaintiffs needed to conduct the deposition of NCS's corporate representative to evaluate NCS's Offer of Judgment because NCS's written discovery responses to that point had been "evasive and non-informative." Doc. 95 at 3. Further, NCS failed to appear at its first scheduled deposition "despite coordination and proper notice." *See id.*; *see also* Doc. 95-1 at 2-4. Therefore, the Court recommends Plaintiffs' counsel's time spent on deposing NCS was not unnecessary or excessive, and it is properly recoverable against NCS.

### c. Administrative or clerical tasks

"Time spent on clerical tasks is not recoverable at an attorney's rate." *Sharke v. Midnight Velvet, Inc.*, No. 8:12-cv-589-T-24-AEP, 2013 WL 2467789, at *4 (M.D. Fla. June 7, 2013) (citing *Norman*, 836 F.2d at 1306).   NCS asserts Plaintiff's counsel's time spent performing administrative or clerical tasks is not recoverable against NCS, arguing "Plaintiffs' award should be reduced by no less than $495.00" to account for such tasks.   Doc. 92 at 6-7.   NCS fails, however, to identify any such entries.   *See id.*   Upon careful review of the entries for Mr. LoTempio and Mr. Fineman, the Court identified only one clerical task billed at the attorney rate—the 0.50 hours Mr. LoTempio spent on July 11, 2017 filing the case in person.   Doc. 80-1 at 2; *see Tiramisu Int'l. LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1297 (S.D. Fla. 2010) (finding filing documents a clerical task that should not be billed at attorney rate).   Therefore, the Court recommends reducing the hourly rate for that task to the $100.00 paralegal rate.

### 2. Reasonable Rate

The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community.   *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation").   The relevant legal community here is the surrounding counties in the Fort Myers Division of the Middle District of Florida.   *See Olesen-Frayne v. Olesen*, 2:09-cv-49-

FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009).   Here, Plaintiffs seek an hourly rate of $425.00 for Mr. LoTiempo and Mr. Fineman and an hourly rate of $100.00 for paralegal Ms. Michie.   *See* Doc. 79 at 3; Docs. 80, 81, 82.

Upon review of the timesheets, the affidavits of Mr. LoTempio, Mr. Fineman, Mr. Wiles and Mr. Zinn, and the Fee Survey Report, the Court recommends the requested attorney rates are reasonable.   *See* Doc. 79-1 at 54-58, 62; Docs. 80, 80-1, 81, 81-1, 83, 84.   In his affidavit, Mr. LoTempio states he began practicing law in Naples, Florida in 2010, and since December 2011, he has practiced consumer protection and debt defense litigation exclusively, focusing on FDCPA and FCCPA claims.   Doc. 80 at 2.   Mr. Fineman indicates in his affidavit that he began practicing law in Punta Gorda, Florida in 2007, focusing his practice on bankruptcy and consumer protection laws.   Doc. 81 at 1.   Mr. LoTempio and Mr. Fineman explain consumer protection cases require particularized knowledge and expertise, and they take nearly all of their cases on a contingency fee basis.   Doc. 80 at 2; Doc. 81 at 2.   The declarations of Mr. Viles and Mr. Zinn—two Florida attorneys with over 30 years of experience—opine $425.00 per hour is a "reasonable and customary" hourly rate for attorneys in the community with Plaintiffs' counsel's expertise.   Doc. 83 at 1, 3; Doc. 84 at 1-2.   Mr. Viles further states that in Southwest Florida, there are "very few attorneys willing to take on cases involving consumer protection statutes, and fewer still who are proficient in handling such cases or focus a part of their practice on such cases."   Doc. 83 at 2.

Moreover, according to the Fee Survey Report Plaintiffs provide, in 2015-2016, hourly rates for consumer law attorneys in Florida generally ranged from $325.00 to $500.00 with a median of $400.00.   Doc. 79-1 at 54.   Rates ranged from $290.00 to $475.00 in Cape Coral, Florida—the closest geographic area surveyed in the report— with a median of $400.00.   *Id.* at 57.   The median rate for attorneys in Cape Coral handling credit rights cases specifically was $400.00.   *Id.*   Considering the attorney declarations, the Fee Survey Report and inflation over the last few years, the Court recommends Plaintiffs produced "satisfactory evidence" that Plaintiffs' counsel's requested rate of $425.00 is in line with those prevailing in the community.   *See Blum*, 465 U.S. at 896 n.11.   NCS's argument to the contrary—relying on a single, five-year-old case that reduced requested attorney rates from $355.00 to $275.00 and from $275.00 to $215.00, respectively—is unavailing.   *See* Doc. 92 at 7-8 (citing *Seaman v. McGuigan*, 2013 WL 806610, at *5 (M.D. Fla. 2013)).   NCS does not challenge the paralegal rate of $100.00, and the Court recommends this rate is reasonable.   *See generally* Doc. 92.   Because the Court recommends granting Plaintiffs their requested hourly rates, the Court finds post-judgment discovery regarding the fees charged by NCS's counsel and an evidentiary hearing unnecessary.

### 3.  Multiplier

As the Eleventh Circuit has explained:

> If the results obtained were exceptional, then some enhancement of the lodestar might be called for.  Exceptional results are results that are out of the ordinary, unusual or rare.  Ordinarily, results are not exceptional merely because of the nature of the right vindicated or the amount recovered. . . . [A]n outcome that is not unexpected in the context of extant substantive law will not ordinarily be exceptional.

> Even if the results obtained are exceptional, no enhancement is permissible unless there is specific evidence in the record to show that the quality of representation was superior to that which one would reasonably expect in light of the rates claimed. This is because the reasonable hourly rate already should reflect the skill demonstrated by the advocate.

*Norman*, 836 F.2d at 1302 (citations omitted). Here, Plaintiffs argue they are entitled to a fee multiple of 2.0. Doc. 79 at 24. Plaintiffs assert the time, labor and skill required to litigate this case, the contingent nature of the case, the results obtained, the experience and reputation of Plaintiffs' counsel and the undesirability of the case weigh in favor of granting a fee enhancement. *Id.* NCS responds that there was nothing novel or complex about this case, and it did not involve any issues of first impression or complex statutory interpretation. Doc. 92 at 9.

The Court recommends a fee multiplier is not appropriate in this case. Plaintiffs' counsel's success in this case, the adversity from NCS, the contingent nature of the representation and the relative complexity of the FCRA, FDCPA and FCCPA do not warrant an enhancement of the lodestar calculation. Under Plaintiffs' logic, a fee multiplier would be appropriate in every similar case brought under the FCRA, FDCPA or FCCPA, which the Court finds untenable. There is no indication the results obtained in this case were extraordinary, unusual or rare. *See Norman*, 836 F.2d at 1302. Further, the skill and expertise of Plaintiffs' counsel is reflected by the $425.00 hourly rate. *See id.*

4.  Costs

Plaintiffs also seek an award of costs.   As mentioned above, the FCRA, FDCPA and FCCPA all entitle a successful plaintiff to an award of costs.   15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), 1692k(a)(3); Fla. Stat. § 559.77(2).   Plaintiffs seek to recover costs totaling $1,558.00: the filing fee ($400.00); process server fees ($196.00); and court reporter and transcript costs for a deposition ($962.00).   *See* Doc. 79 at 23-24; Doc. 80 at 7; Doc. 80-1 at 8.   Plaintiffs submitted an itemization of the requested fees.   *See* Doc. 80-1 at 8.   NCS does not challenge Plaintiffs' entitlement to the requested costs, but NCS argues costs involving other Defendants or that apply to all Defendants should be apportioned accordingly.   *See generally* Doc. 92.   The Court recommends Plaintiffs' requested costs be granted.   As discussed above, the Court recommends apportionment amongst Defendants is not necessary.

III.     Conclusion

In conclusion, the Court recommends awarding Plaintiffs attorneys' fees incurred by Mr. LoTempio, Mr. Fineman and paralegal Ms. Mitchie with some adjustments for the reasons discussed.   The Court recommends adjusting down Mr. LoTempio's time by 0.90 hours to account for duplicative motions for extension of time and awarding the 0.50 hours Mr. LoTempio spent filing the case at the paralegal rate of $100.00 per hour.   The Court also recommends no fee multiplier is appropriate in this case.

| Person and Rate | Total Hours | Total |
|---|---|---|
| Mr. LoTempio @ $425/hour | 70.50 | $29,962.50 |
| Mr. LoTempio @ $100/hour | 0.50 | $50.00 |
| Mr. Fineman @ $425/hour | 1.20 | $510.00 |
| Ms. Mitchie @ 100/hour | 8.15 | $815.00 |

Thus, the Court recommends awarding $31,337.50 in attorneys' fees and $1,558.00 in costs for a total of $32,895.50.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Plaintiffs' Motion for an Award of Costs and Attorneys' Fees and for Leave to File Post-Judgment Discovery (Doc. 79) be **GRANTED in part and DENIED in part**, and Plaintiffs be awarded **$32,895.50** in attorneys' fees and costs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 22nd day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 14 -